UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DON ALLEN,<br><br>                    Plaintiff,<br><br>v.<br><br>ESA MANAGEMENT, LLC dba EXTENDED STAY AMERICA,<br><br>                    Defendant. | 37-2016-00026756-CU-PO-CTL<br><br>Case No.: 18-cv-0066-BTM-NLS<br><br>**ORDER GRANTING MOTION TO REMAND [ECF No. 7]** |

Presently before the Court is Plaintiff Don Allen's motion to remand this action to state court. (ECF No. 7.) For the reasons discussed below, Plaintiff's motion is **GRANTED**.

## **BACKGROUND**

On August 4, 2016, Plaintiff initiated an action against ESA Management, Inc. in the Superior Court of California in the County of San Diego. In September 2017, after the court entered default in the case, counsel for Defendant ESA Management, LLC contacted Plaintiff and informed him that it was the proper defendant, not ESA Management, Inc. Plaintiff, via e-mail, provided counsel for Defendant with the complaint but no effort was made at that time to remove the case to federal court. Plaintiff sought leave from the court to file an amended

complaint relating back to its original filing date and properly naming Defendant. Defendant specially appeared and opposed the motion. On November 17, 2017, Plaintiff was permitted to file a first amended complaint properly naming Defendant. Plaintiff subsequently served Defendant with the summons, amended complaint, and notice of hearing on December 11, 2017.

On January 10, 2018, Defendant removed this action from state court. (ECF No. 1.) Because Defendant had failed to provide the Court with sufficient facts to establish diversity jurisdiction, the Court issued an order to show cause requiring Defendant to establish its sole member Extended Stay America, Inc.'s citizenship. (ECF No. 4.) On February 9, 2018, Plaintiff filed this instant motion to remand. On February 16, 2018, based on Defendant's response to the order to show cause, the Court issued an order stating that Defendant had adequately established diversity jurisdiction. However, because Plaintiff grounds his motion to remand on both the existence of subject matter jurisdiction and the timeliness of the removal, the Court addresses that latter argument below.

## **DISCUSSION**

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district court and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). Title 28 U.S.C. § 1446(b)(1) requires a defendant to file a notice of removal "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." However, "if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28

1  U.S.C. § 1446(b)(3). "A case may not be removed under subsection (b)(3) on
2  the basis of jurisdiction conferred by section 1332 more than one year after
3  commencement of the action, unless the district court finds that the plaintiff has
4  acted in bad faith in order to prevent a defendant from removing the action." §
5  1446(c)(1).

6       Here, there is no dispute that Defendant was not formally served until
7  December 11, 2017. However, it is also undisputed that Plaintiff commenced this
8  action on August 4, 2016, more than one year before Defendant filed its notice of
9  removal. The Ninth Circuit has made it clear that the statute's one-year deadline
10 for removing diversity cases applies only to cases in which there is no basis for
11 diversity jurisdiction when the case is filed in state court. *See Ritchey v. Upjohn
12 Drug Co.*, 139 F.3d 1313, 1316 (9th Cir. 1998). Therefore, the timeliness of this
13 removal depends on whether the case was initially removable under diversity
14 jurisdiction.

15       The parties disagree as to whether the case was initially removable.
16 Plaintiff argues that as plead, this case was not removable under diversity
17 jurisdiction because both parties were citizens of California and the amount-in-
18 controversy could not be ascertained. Defendant, on the other hand, contends
19 that the case was initially removable but does not explain why. In *Harris v.
20 Bankers Life & Co.*, 425 F.3d 689, 695 (9th Cir. 2005), the Ninth Circuit joined
21 other circuits in holding that the "ground for removal must be revealed
22 affirmatively in the initial pleading in order for the first thirty-day clock under §
23 1446(b) to begin." As noted by Plaintiff, the initial pleading did not state an
24 amount-in-controversy and also stated that Plaintiff and Defendant were both
25 citizens of California. As such, the grounds for removal were not "apparent within
26 the four corners of the initial pleading . . . ." *See Harris*, 425 F.3d at 695.
27 Because the case was not initially removable, then the one-year time limit under
28 section 1446(c)(1) applies in this case and Defendant's removal is barred.

Defendant argues that its removal is timely because it was not formally served until December 11, 2017 and it removed to federal court within thirty days of service. While the Supreme Court in *Murphy Brothers, Incorporation v. Michetti Pipe Stringing, Incorporation*, 526 U.S. 344, 348 (1999) does make it clear that a defendant's time for removal is not triggered until it is formally served and made a party to the action, the Supreme Court there did not address the implications of section 1446(c)(1). The Court's independent research has revealed that district courts have repeatedly applied the one-year time bar to later-added defendants. *See First Mechs. Trust Co. v. Wal-Mart Stores East, LP*, 630 F. Supp. 2d 964, 969 (S.D. Ind. 2008) (applying the one-year time limit to a defendant that removed within thirty days of being served, but was added more than one year after commencement of the case in state court); *see also U.S. Airways, Inc. v. PMA Capital Ins. Co.*, 340 F. Supp. 2d 699, 704–07 (E.D. Va. 2004). Therefore, the Court applies the one-year time bar here. Because Defendant removed this case under diversity jurisdiction more than a year after it commenced in state court, and in absence of a showing that Plaintiff acted in bad faith, the Court holds that Defendant's removal is barred under section 1446(c)(1).

## CONCLUSION

For the reasons discussed above, Plaintiff's motion to remand (ECF No. 7) is **GRANTED**. The case is hereby **REMANDED** to the Superior Court of California, San Diego.

**IT IS SO ORDERED.**

Dated: June 13, 2018

Barry Ted Moskowitz, Chief Judge
United States District Court